UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KENNETH GRAHAM**<br>**Petitioner,**<br><br>**v.**<br><br>**UNITED STATES OF AMERICA,**<br>**Respondent.** | Civ. No. 26-4835 (WJM)<br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.**

Petitioner Kenneth Graham ("Petitioner" or "Graham") brings this motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence based on alleged violations of the Fourth, Fifth, Sixth, and Eighth Amendments to the Constitution. ECF No. 1. For the reasons stated herein, Petitioner's motion for habeas corpus relief is **denied**.

## I. BACKGROUND

On August 19, 2021, Graham was indicted for Hobbs Act Robbery, 18 U.S.C. § 1951(a) (Count One) and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Count Two). ECF No. 8. Graham was convicted on March 20, 2023 of both counts including brandishing a firearm during the robbery. ECF No. 60.

During the five-day trial, which commenced on March 13, 2023, the Government presented evidence that on January 18, 2021, Graham entered the Boost Mobile store in East Orange, NJ and gave a partial phone number to a store employee before pointing a gun at that employee and stealing four iPhones and $473. The store employee, Ms. Martin, did not identify Graham as the robber because she testified that the robber was wearing a mask. The robbery, captured on video surveillance, shows that the suspect wore a black facemask, black zip-up hoodie, dark blue jeans, and tan construction boots. The partial phone number that Graham gave Ms. Martin matched the first six digits of his cousin's cell phone number, which was the number that U.S. Probation had on file as his contact number. Video footage from surrounding businesses shows the robber fleeing the area in a black two-door Nissan Altima missing its front and rear bumpers. Two minutes after driving away from where the Altima was parked near Boost Mobile, Graham received an incoming phone call that hit off of a cell tower in East Orange at a location consistent with an approximately two-minute drive from where the Altima was parked during the robbery. At

trial, Graham's cousin, who was the owner of the Altima, testified that it was her car in the video footage and identified Graham as the individual getting in and out of her car.

Graham was arrested on January 25, 2021 for possession of marijuana and suspected heroin. At trial, the Government was only permitted to refer to the heroin as other "illegal" drugs to minimize any potential prejudice from naming the type of drug. ECF No. 54. Upon executing search warrants during the investigation, law enforcement recovered jeans and Timberland boots that matched the clothing worn by the robber. Graham's cell phone also contained a photograph of him wearing a dark sweatshirt with a red Nike logo that matched what the robber wore.

On October 25, 2023, Graham was sentenced to 330 months' imprisonment: 30 months on Count One and 300 months on Count Two, to be served consecutively. ECF No. 84. Graham subsequently appealed the following issues: 1) the Court's decision not to recuse itself; 2) admission of evidence that Graham possessed marijuana and heroin at the time of the arrest, 3) admission of Graham's post-arrest statement about his booking information, 4) denial of Graham's request for a different jury instruction relating to the firearm, and 5) accidental reference to a "bank" robbery during jury instructions. The Third Circuit affirmed Graham's conviction. ECF No. 95. Graham petitioned the Supreme Court for a writ of certiorari on April 29, 2025, which was denied on June 2, 2025.

In this § 2255 petition, Graham alleges: 1) a Fourth Amendment violation for failure to exclude certain evidence; 2) a Fifth Amendment violation for denial of a fair trial due to the absence of a bail hearing, a mistaken reference to a "bank" robbery and use of handcuffs and shackles in front of the jury; 3) a Sixth Amendment violation for ineffective assistance of counsel; and 4) an Eighth Amendment violation for the imposition of an excessive sentence. For the reasons below, Petitioner's habeas application is **denied**.

## II. DISCUSSION

Petitioner bears the burden of proving his entitlement to relief under 28 U.S.C. § 2255. *United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005). As a general rule, Petitioner must show that his conviction is illegal, *United States v. Hollis*, 569 F.2d 199, 206 (3d Cir. 1977), and must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982); *accord United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (noting that as a collateral challenge, a motion pursuant to § 2255 is reviewed much less favorably than a direct appeal of the sentence). A district court need not hold an evidentiary hearing on a § 2255 motion if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255(b); *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005).

A. Relitigation of Same Issues

Petitioner's habeas petition includes issues previously raised on appeal: 1) the admission of testimony that he possessed marijuana and another drug at the time of his arrest; 2) the admission of Graham's statements at the time of booking; 3) denial of the request to change the jury instruction definition of a firearm; and 4) the erroneous reference to a "bank" robbery in the instruction to the jury. Pet. Mot. 2, 12, ECF No. 1-1. Permitting relitigation of the issues previously decided on appeal "would not further the purposes of § 2255 and would result in wasteful duplication of the federal judicial review process." *United States v. Palumbo*, 608 F.2d 529, 533 (3d Cir. 1979). Thus, a § 2255 petitioner may not relitigate issues that were adjudicated at his original trial and on direct appeal "in the absence of newly discovered evidence that could not reasonably have been presented at the original trial, a change in applicable law, incompetent prior representation by counsel, or other circumstances indicating that an accused did not receive full and fair consideration of his federal constitutional and statutory claims." *Id.* (citation modified). Graham has not presented any newly discovered evidence or any other grounds that permits the relitigation of issues that were already considered and decided on appeal.

B. Issues Not Raised on Appeal

Graham's habeas petition also contains issues that were not raised on appeal. Section 2255 relief is not a substitute for a direct appeal. *United States v. Frady,* 456 U.S. 152, 165 (1982); *Durante v. United States*, No. 16-8949, 2020 WL 205895, at *2 (D.N.J. Jan. 13, 2020). "[I]ssues which should have been raised on direct appeal may not be raised with a § 2255 motion." *Travillion*, 759 F.3d at 288 (citing *United States v. DeRewal*, 10 F.3d 100, 105, n.4 (3d Cir. 1993)). As an exception, "a defendant whose § 2255 motion raises a claim he failed to raise on appeal must show both "cause" for that failure and "actual prejudice" resulting from the claimed error. *Durante*, 2020 WL 205895, at *2 (citing *Frady*, 456 U.S. at 167–68; *United States v. Essig*, 10 F.3d 968, 979 (3d Cir. 1993), *superseded on other grounds by statute*). Alternatively, "a prisoner's proof of actual innocence may provide a gateway for federal habeas review of procedurally defaulted or untimely claims of constitutional error." *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 183 (3d Cir. 2017). "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citation modified).

Neither exception applies here. Graham does not show cause for the failure to raise these issues on appeal or actual prejudice resulting from the claimed errors. Nor do Graham's challenges to the sufficiency of evidence at trial constitute proof of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) ("A claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." (citation modified)). Thus

Petitioner is precluded from raising the Fourth, Fifth, or Eighth Amendment issues that were not raised on direct appeal. These constitutional claims fail for the additional reasons discussed below.

### *1. Fourth Amendment Claims*

Graham newly claims that the Court's admission of following evidence violated the Fourth Amendment:

1) evidence gathered by the Orange Police Department including but not limited to surveillance video and photography;
2) testimony of the witness/victim Ms. Martin;
3) testimony of "Andria Davis";
4) evidence regarding a white Blazer vehicle;
5) failure to identify and produce a witness described as 'an unidentified' male who entered and exited a Ramada Hotel;
6) testimony regarding a pair of dark blue jeans;
7) evidence about a pair of boots and their size;
8) lack of fingerprint and DNA evidence;
9) evidence regarding an alleged gun;
10) evidence regarding motive and bias of witnesses.

Pet. Mot. at 2. Graham also claims that "an additional constitutional error occurred when law enforcement crossed jurisdictional lines and entered" his home. *Id.* at 3.

To start, Graham does not identify or explain how any of the evidence or testimony he challenges violates the Fourth Amendment. Furthermore, although Graham claims that police crossed jurisdictional lines to search his home in Newark, the basis to dispute the legality of that search under the Fourth Amendment is unclear given that the search warrant specifically authorized the East Orange Police Department to conduct that search. *See* Gov't Answer, Ex. 1, ECF No. 6.

Even if any of these newly raised issues in fact implicate the Fourth Amendment, courts in this district have held that Fourth Amendment claims are not cognizable in a § 2255 petition where a petitioner "has had a full and fair opportunity to litigate those issues in the federal trial court." *Christie v. United States*, No. 12-988, 2015 WL 2400048, at *13 (D.N.J. May 20, 2015) (collecting cases); *Michael Harriot v. R. Thompson*, No. 25-1914, 2026 WL 2085391, at *2 (D.N.J. July 20, 2026). As Graham has had a full and fair opportunity to litigate those claims before and during his trial, his Fourth Amendment challenges to the validity of his conviction are not cognizable in this habeas petition.

2. *Fifth Amendment Claims*

Petitioner claims that in violation of his Fifth Amendment rights, he was denied a bail hearing at the October 13, 2022 status conference and was placed in handcuffs and shackles in front of the jury, which he contends was also a Sixth Amendment violation. These are neither Fifth nor Sixth Amendment issues, but even if they were, Graham never requested a bail hearing and thus was not denied one. *See* Oct. 13, 2022 Hearing Tr., ECF No. 33. Moreover, there was no potential for prejudice from being shackled and handcuffed at trial because Graham was not placed in handcuffs in front of the jury and his leg restraints were never visible to the jury as the drape at counsel table extended to the floor.

3. *Eighth Amendment Claims*

Graham argues that his sentence of 330 months was "in excess of sentences imposed upon Defendants in similarly situated matters in this District." Pet. Mot. at 16. However, Petitioner identifies no similarly situated defendants that were given lesser sentences. Finally, Graham's sentence was below the Guidelines range calculated by Probation, which was 351 to 363 months' imprisonment. PSR ¶ 105, ECF No. 80.

C. Ineffective Assistance of Counsel

Claims of ineffective assistance are governed by the two-prong test set announced in *Strickland v. Washington*, 466 U.S. 668 (1984). To make out such a claim under *Strickland*, a petitioner must first show that "counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687; *see also United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007). "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88 (1984). *Strickland's* second prong requires a petitioner to show that counsel's allegedly deficient performance prejudiced his defense such that the petitioner was "deprive[d] of a fair trial ... whose result is reliable." *Id.* at 687. A petitioner must demonstrate that "there is a reasonable probability, [that] but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A petitioner's "failure to satisfy either prong defeats an ineffective assistance claim." *United States v. Cross*, 308 F.3d 308, 315 (3d Cir. 2002).

Petitioner's ineffective assistance claim lacks merit. To start, Graham asserts that "his first lawyer failed to file a motion or any argument about the description" of the robber and that he did not receive "a Wade hearing, after the witness, Ms. Martin, gave several different descriptions of the robbery." Pet. Mot. 9. A *Wade* hearing, which determines

whether "an identification procedure [] has possibly violated a constitutional right," *United States v. Stevens*, 935 F.2d 1380, 1386, n.3 (3d Cir. 1991), was not appropriate here. As the robber was wearing a face mask, the store employee never identified Graham as the robber. *See* Trial Tr. 140:15-18 (Q: Ms. Martin, was the robber wearing a face mask? A. Yes. It was like certain -- sort of like a ski mask or something. It covered, like, his whole face and, like, partially his forehead as well.); 141:15-17 (Q. Ms. Martin, sitting here today, would you be able to identify the robber? A. No.); 142:15-17, ECF No. 64.

Graham also insists that counsel failed to: 1) discover potentially exculpatory evidence involving another individual in the video whom he believes could have been a suspect, 2) investigate whether he was a prior Boost Mobile store customer, 3) object to a "staged" picture of the blue jeans and Timberland boots, or 4) insist that police conduct fingerprinting or DNA analysis to prove his innocence. Pet. Mot. 6-7; Pet. Reply 7, ECF No. 15. In his reply brief, Graham asserts additional grounds for his Sixth Amendment claim, namely that counsel did not: 1) hire and present expert testimony to testify to the video evidence presented at trial; 2) retain a voice expert to challenge Ms. Martin's testimony that she recognized Graham's voice; 3) obtain additional evidence to prove his whereabouts during the time of the robbery; 4) interview and subpoena witnesses "who could provide support for his claim" of innocence; 6) object to Graham's restraints and leg irons during the jury trial, *see supra* II.B.2; or 7) bring the Government's plea offer to his attention before he elected to proceed to trial.

None of these purported errors rise to the level of ineffective assistance of counsel. First, trial counsel need not "interview every possible witness" but instead, must "exercise reasonable professional judgment." *Lewis v. Mazurkiewicz*, 915 F.2d 106, 113 (3d Cir. 1990). Graham does not explain why an individual seen on surveillance video being dropped off at a hotel might be a suspect or on what basis counsel could have objected to the Government presenting evidence found during a lawful search. Nor does Graham identify any potential witness who could have explained his whereabouts at the time of the robbery to rebut the inculpatory evidence such as the video presented at trial, his cousin's trial testimony identifying Graham as the individual getting in and out of her car, and the cell tower hit. In light of such evidence, it was reasonable for counsel not to expend resources on whether Graham was a prior Boost Mobile customer or to insist that law enforcement utilize additional investigative techniques. It is also within the reasonable purview of a competent attorney to elect a strategy that did not require using a particular expert. *See Harrington v. Richter,* 131 S. Ct. 770, 779 (2011) ("Rare are the situations in which the latitude counsel enjoys will be limited to any one technique or approach. There were any number of experts whose insight might have been useful to the defense. Counsel is entitled to balance limited resources in accord with effective trial tactics and strategies.").

Next, contrary to Graham's contention that the Government's plea offer was not brought to his attention before he elected to proceed to trial, he was in fact present during his *Frye* hearing on March 24, 2022. ECF No. 16. During that hearing, the Government represented to the Court that it had offered Graham a plea agreement and was willing to engage in further plea discussions, but Graham remained silent throughout the proceedings. Hearing Tr. 6:17-8:3, ECF No. 38. Finally, Graham's insistence that he does not match the descriptions of the robber is not grounds for an ineffective assistance of counsel claim.

Even if counsel's decisions fell below an objective standard of reasonableness under the first *Strickland* prong, Graham provides no factual basis to find a reasonable probability that but for the errors of counsel, the result of the trial would have been different. Graham cannot show prejudice by relying on "mere speculation" about what other individuals who were not questioned might have said but rather, must be made based on the potential witness's testimony to the habeas court. *See Rolan v. Vaughn*, 445 F.3d 671, 682 (3d Cir. 2006). "In considering whether a petitioner suffered prejudice, the effect of counsel's inadequate performance must be evaluated in light of the totality of the evidence at trial: a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Id.* (citation modified). Here, the jury's verdict was supported by ample evidence. Where a "petition contains no factual matter regarding *Strickland's* prejudice prong, and [only provides] unadorned legal conclusion[s] without supporting factual allegations," that petition is insufficient to warrant an evidentiary hearing, and the petitioner has not shown his entitlement to habeas relief. *See Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010) (citation modified). Having failed to satisfy the *Strickland* two-prong test, Graham's ineffective assistance claim fails.

D. Certificate of Appealability

Graham has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not demonstrated that jurists of reason could disagree with the Court's resolution of his constitutional claims or that jurists of reason would find it debatable whether the Court was correct in its procedural rulings. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the Court declines to issue a certificate of appealability.

## III. CONCLUSION

For the foregoing reasons, Petitioner is not entitled to relief under 28 U.S.C. § 2255(b). Petitioner's habeas petition is **DENIED.** The Certificate of Appealability is **DENIED.**

**WILLIAM J. MARTINI, U.S.D.J.**

Date: November 3, 2026